IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAROLYN STARNES**                                                            **PLAINTIFF**

**VS.**                                                                 **CIVIL ACTION NO. 4:05CV37LR**

**LOWE'S HOMES CENTERS, INC.**                                    **DEFENDANT**

## ORDER

This cause is before the Court upon the Defendant's Motion to Strike Plaintiff's Expert Designation, the basis of which is the alleged failure by the Plaintiff to properly designate Dr. David A. Pomierski, her treating physician. The Plaintiff's original designation of Dr. Pomierski contained only his name and office address. Subsequently, the court granted a Motion to Compel Expert Witness Testimony and ordered the Plaintiff to provide a complete expert designation, in accordance with Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2). The Plaintiff served the same designation on the Defendant, and she now argues that those designations were complete because they were accompanied by her medical records. The Defendant additionally sought information about the Plaintiff's expert witness by way of an Interrogatory, in which it asked for the substance of each expert's opinion and the grounds on which it was based. The Plaintiff responded to that Interrogatory by naming Dr. Pomierski as her sole expert witness and referring the Defendant to her medical records.

The Plaintiff has responded to this Motion by arguing that the requirements for designating an expert witness are less stringent than for other experts. She is correct in her assertion that full Rule 26 expert reports are not required for treating physicians. However, the Plaintiff has not complied with Local Rule 26.1(A)(2)(f), which very specifically describes what is required in the

designation of a treating physician:

> A party shall designate treating physicians as experts pursuant to this rule, but is only required to **provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor**.

The above requirement certainly cannot be met by the mere production of medical records; a written summary of the facts known and the opinions held by the treating physician, and a summary of the supporting grounds, must be given to counsel opposite.

IT IS, THEREFORE, ORDERED:

1. The Defendant's Motion to Strike Plaintiff's Expert Designation is **granted**, but only to the extent that the Plaintiff is ordered and directed to supplement her expert designation as to Dr. David Pomierski by fully complying in writing with the requirements of Unif. Local R. 26.1(A)(2)(f) on or before May 4, 2006. If the Plaintiff does not comply with this direction by May 4, then Dr. Pomierski shall be stricken as an expert witness.

2. Should the Defendant elect to depose Dr. Pomierski, the deposition will be taken at the expense of the Plaintiff. Such a deposition must be completed by May 16, 2006.

IT IS SO ORDERED, this the 24th day of April, 2006.

                                              S/John M. Roper
                                  UNITED STATES MAGISTRATE JUDGE